UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASTUTE IMAGING, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHOULDER INNOVATIONS, INC., a Delaware corporation; GENESIS INNOVATION GROUP, LLC, a Delaware limited liability company; and GENESIS SOFTWARE INNOVATION, LLC, a Michigan limited liability company,<br><br>Defendants. | Case No. 2:23-cv-1097<br><br>COMPLAINT FOR WILLFUL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNFAIR BUSINESS PRACTICES<br><br>**DEMAND FOR JURY** |

Plaintiff ASTUTE IMAGING LLC, by and through its undersigned attorneys, alleges as follow:

## I. INTRODUCTION

1. This is an action by ASTUTE IMAGING LLC ("**Plaintiff**" or "**ASTUTE**") to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. § 1114) and for false designation of origin (15 U.S.C. § 1125(a)), as well as unfair competition, unfair business practices, and related common law claims as a result of willful and unauthorized use by defendants SHOULDER INNOVATIONS, INC.

("**SHOULDER**"), GENESIS INNOVATION GROUP, LLC ("**GIP**"), and GENESIS SOFTWARE INNOVATIONS, LLC ("**GSI**") (collectively, "**Defendants**").

2. Specifically, ASTUTE is the owner of the PREVIEW mark, which ASTUTE and its predecessors in interest have developed and continuously used over the past three decades to generate substantial goodwill in certain medical-related software. However, from a time unknown to the present, Defendants have used and continue to use an identical or confusingly similar mark as ASTUTE to sell competing goods and services in the same marketplace and industry served by ASTUTE.

3. Defendants' illegal conduct – which has continued despite demand to cease and desist – has caused and will continue to cause confusion in the marketplace and irreparable harm to ASTUTE unless enjoined.

## II. PARTIES

4. Plaintiff ASTUTE is a limited liability company duly organized and existing under the laws of the State of Delaware, with an office and principal place of business at 10123 NE 60th Street, Kirkland, WA 98033. The members of ASTUTE are (i) Wael Elseaidy, a resident of Washington State; (ii) Evert de Vries, a resident of Washington State; and (iii) Ehab Mahmoud, a resident of Cairo, Egypt.

5. Upon information and belief, Defendant SHOULDER is a corporation organized and existing under the laws of the State of Delaware, with an office and principal place of business at 1535 Steele Avenue SW, Suite B, Grand Rapids, MI 49507.

6. Upon information and belief, Defendant GIP is a limited liability company organized and existing under the laws of State of Delaware, with an office and principal place of business at 2851 Charlevoix Dr., Suite 327, Grand Rapids, MI 49546.

BAILEY DUQUETTE P.C.
500 UNION STREET, SUITE 800
SEATTLE, WASHINGTON 98101
T 206.225.2250 | F 888.233.5869

7. Upon information and belief, Defendant GSI is a limited liability company organized and existing under the laws of the State of Michigan, with an office and principal place of business at 2851 Charlevoix Dr., Suite 327, Grand Rapids, MI 49546.

8. Upon information and belief, each of the defendants – SHOULDER, GIP and GSI – are interrelated medical device companies, with overlapping leadership and executive teams.

### III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's complaint under U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338(a), as Plaintiff's Complaint involves claims arising under the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

10. This Court has subject matter jurisdiction over ASTUTE's claims of unfair competition pursuant to 28 U.S.C. § 1338(b), which confers original jurisdiction in the United States district courts for any civil action asserting an unfair competition claim when joined with a substantial and related claim under the trademark laws. Further, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over ASTUTE's related claims that arise under state statutory and common law and derive from a common nucleus of operative fact.

11. This Court also has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because it involves citizens of different states and an amount in controversy that exceeds the sum of $75,000.00, exclusive of interest and costs.

12. This Court has personal jurisdiction over Defendants. ASTUTE is informed and believes and thereupon alleges that (a) Defendants have either purposefully directed their activities toward Washington or purposely availed themselves of the privileges of conducting activities in this forum; (b) ASTUTE's claims arise out of the Defendants' forum-related activities; and (c) the exercise of jurisdiction is reasonable. Defendants also knew or reasonably should have known that the conduct alleged in this Complaint would cause injury to ASTUTE

in the State of Washington because of Defendants' willful infringement of ASTUTE's PREVIEW mark as more fully set forth below .

13. This Court is the proper venue under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to ASTUTE's claims occurred, and continue to occur, in this judicial district. The damage to ASTUTE described herein takes place in this judicial district.

### IV.   FACTS COMMON TO ALL CLAIMS

A. **About ASTUTE**

14. ASTUTE is a healthcare IT solutions company, providing software products that integrate data-driven, automated, and image-guided solutions for healthcare institutions and medical practitioners. As part of these products, ASTUTE offers an innovative suite of 3D medical imaging software for surgery planning and assistance (the "**ASTUTE Products and Services**").

15. In furtherance of that business, ASTUTE, or its predecessors in interest, have sold and/or marketed the ASTUTE Products and Services in United States commerce under the PREVIEW mark (hereinafter, the "**PREVIEW Mark**") since at least as early as 1995.

B. **ASTUTE'S Ownership and Continuous Use of the PREVIEW Mark**

16. ASTUTE owns all rights, title, and interest in and to the PREVIEW Mark. ASTUTE owns U.S. Trademark Registration Number No. 2,203,108 ("Reg. No. '108") for the PREVIEW Mark for the following goods and services:

- Classification 010 – *i.e.*, "computer hardware and computer software for providing medical imaging and data visualization of patient-specific anatomical structures, including computer models of such patient-specific anatomical structures and image-rendering software for generating views of such computer models;" and

- Classification 042 – *i.e.*, "medically-related computer services in the nature of preparing computer models of patient-specific anatomical structures for others, and providing information via online services in the field of medical imaging and data visualization of patient-specific anatomical structures."

See **Exhibit A**.

17. ASTUTE also owns U.S. Trademark Application Serial No. 97/643,213 for the PREVIEW Mark for the following goods:

- Classification 009 – *i.e.*, "Downloadable computer software for presenting images, 3D rendered models, and medical animations; Downloadable computer software for pre-surgery planning using 3D rendered images and models; Downloadable computer software for the visualization, analysis, and simulation of anatomical structures; Downloadable computer software for gathering data regarding anatomical structures and for the rendering of related 3D computer models."

See **Exhibit B**.

18. ASTUTE's Reg. No. '108 for the PREVIEW Mark is in full force and effect and has, in fact, become incontestable under Section 15 of the Lanham Act (15 U.S.C. § 1065) and as a result, constitutes conclusive evidence of the validity of those marks, of the registration of those marks, of Plaintiff's ownership of those marks and of Plaintiff's exclusive nationwide right to use the marks on or in connection with the services for which they are registered (15 U.S.C. § 1115).

19. ASTUTE (inclusive of its predecessors in interest) have continuously and without interruption used the PREVIEW Mark in connection with its above-described products and services as introduced in commerce throughout the United States since at least as early as 1995.

20. Over the years, ASTUTE and its predecessor entities have expended significant time, effort, and resources in developing, marketing, promoting, and selling the

products and services under the PREVIEW Mark, and in establishing the PREVIEW Mark as indicator of source, origin and quality for ASTUTE's products and services.

21. ASTUTE has sold its products and services under its PREVIEW Mark in relevant trade channels, such as websites, social media sites, online professional services platforms, and specialized medical providers networks throughout the United States as well as on its own website, https://astuteimaging.com/ - and ASTUTE's products have, in aggregate, reached over 2,500 medical practitioners and over 1,000 medical institutions, and have been used in more than 300,000 studies regarding medical imaging.

22. Due to the lengthy use of, significant investments in, and broad reach, ASTUTE's goods and services sold under the PREVIEW Mark have gained a reputation for exceptionally high-quality innovative software suite, hardware, services, and applications for 3D medical imaging surgical planning and assistance, and, in turn, the relevant purchasing public has rightly come to associate the mark PREVIEW with the products and services offered by ASTUTE in the marketplace. ASTUTE has vigorously protected the reputation and goodwill of its PREVIEW brand, including by maintaining the highest possible standards in its products and services.

23. As a result, the PREVIEW Mark has become an asset of substantial value to ASTUTE and a symbol of its high-quality products and services.

**C. Defendants' Willful Infringement**

24. As a federal trademark registration, Reg. No. '108 provides ASTUTE with the prima facie exclusive right to use the PREVIEW Mark in the United States for the class of goods and services at issue.

COMPLAINT – Page 6

products and services under the PREVIEW Mark, and in establishing the PREVIEW Mark as indicator of source, origin and quality for ASTUTE's products and services.

21. ASTUTE has sold its products and services under its PREVIEW Mark in relevant trade channels, such as websites, social media sites, online professional services platforms, and specialized medical providers networks throughout the United States as well as on its own website, https://astuteimaging.com/ - and ASTUTE's products have, in aggregate, reached over 2,500 medical practitioners and over 1,000 medical institutions, and have been used in more than 300,000 studies regarding medical imaging.

22. Due to the lengthy use of, significant investments in, and broad reach, ASTUTE's goods and services sold under the PREVIEW Mark have gained a reputation for exceptionally high-quality innovative software suite, hardware, services, and applications for 3D medical imaging surgical planning and assistance, and, in turn, the relevant purchasing public has rightly come to associate the mark PREVIEW with the products and services offered by ASTUTE in the marketplace. ASTUTE has vigorously protected the reputation and goodwill of its PREVIEW brand, including by maintaining the highest possible standards in its products and services.

23. As a result, the PREVIEW Mark has become an asset of substantial value to ASTUTE and a symbol of its high-quality products and services.

**C. Defendants' Willful Infringement**

24. As a federal trademark registration, Reg. No. '108 provides ASTUTE with the prima facie exclusive right to use the PREVIEW Mark in the United States for the class of goods and services at issue.

COMPLAINT – Page 6

25. As a federal trademark registration, Reg. No. '108 constitutes prima facie evidence of the validity of the PREVIEW Mark.

26. As a federal trademark registration, Reg. No. '108 constitutes prima facie evidence of the ownership of the PREVIEW Mark.

27. As a federal trademark registration, Reg. No. '108 provides others with constructive notice of ASTUTE's rights in the PREVIEW Mark as of the filing of the application for registration.

28. Notwithstanding the foregoing, Defendants have infringed on ASTUTE's rights by using, in interstate commerce and in connection with competitive products, an identical or similarly confusing mark as the PREVIEW Mark, without authorization or permission from ASTUTE.

29. Specifically, Defendants, which are interrelated companies, have adopted the term "Preview" and used the confusingly similar mark PreView ™ to identify and market specific medical imaging software to the medical industry market, as evident from GSI's website at http://genesissoftwareinnovations.com. Defendants' website and its materials are all available and accessible to all consumers, including consumers in Washington State.

30. Upon information and belief, Defendants target and have targeted consumers, including medical practitioners who utilize imaging software for surgical planning and assistance, from Washington State.

31. Upon information and belief, Defendants have sold and continue to sell their competing medical imaging products and services using the same relevant trade channels as ASTUTE, marketing to the same purchasing public as ASTUTE (namely, medical practitioners

who utilize imaging software for surgical planning and assistance), without any relevant differentiation.

32. By way of illustration, ASTUTE's use of its PREVIEW Mark is depicted on its website and elsewhere as follows:







33. By comparison, Defendants use the exact term "PREVIEW" to market and promote their competing products and services, including as follows on the GSI website, which is in turn accessible from the SHOULDER and GIP websites:







34. At all relevant times, Defendants' use of the PREVIEW Mark and/or other confusingly similar mark, as described herein, is likely to cause confusion, deception and/or mistake in the marketplace, the relevant industry, and all channels of trade for ASTUTE

Products and Services. Among other things, Defendants' actions create the erroneous or misleading impression to the public that Defendants are the owners of the PREVIEW Mark or that their goods and services originate with or are authorized by ASTUTE, which they are not.

35. Defendants have engaged in their infringing activity despite having actual knowledge of ASTUTE's rights over the PREVIEW Mark. Indeed, ASTUTE notified Defendants by letter dated December 9, 2022, about ASTUTE's ownership and use of the PREVIEW Mark, demanding that Defendants immediately and permanently cease and desist all uses of the mark in connection with the marketing and sale of their competitive products and services. Defendants have refused to do so.

36. Upon information and belief, Defendants' actions, including their use of an identical or confusingly similar mark as the PREVIEW Mark, have damaged ASTUTE and, unless enjoined, will continue to damage ASTUTE and the public. Among other things, ASTUTE has lost control over and is being deprived of the benefit of its valuable goodwill based on the confusion and deception caused by Defendants' continuing actions.

37. Defendants' unauthorized use of the PREVIEW Mark is also unjustly increasing the profits of Defendants' business to the detriment of ASTUTE and at no cost to Defendants.

## V. CAUSES OF ACTION

### COUNT ONE
### Federal Trademark Infringement Under 15 U.S.C. § 1114

38. Plaintiff incorporates by reference the allegations as set forth above.

39. Defendants' use of the term "Preview" in connection with the sale and marketing of its products and services in the same marketplace and industry as ASTUTE has

caused and is likely to cause confusion and mistake and to deceive others into believing that Defendants' products and services are sponsored by, approved by, or affiliated with ASTUTE.

40. Defendants' acts, as alleged herein, constitute infringement of ASTUTE's registered PREVIEW trademark under 15 U.S.C. § 1114(1).

41. Upon information and belief, Defendants have advertised and offered their products and services for sale using the identical or a confusingly similar mark as the registered PREVIEW Mark with the intention of misleading, deceiving, or confusing consumers as to the origin of their goods and of trading on ASTUTE's reputation and goodwill.

42. Defendants' conduct has been willful within the meaning of the Lanham Act. At a minimum, Defendants have acted with willful blindness to and in reckless disregard of ASTUTE's registered mark.

43. For the harm caused, ASTUTE is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 15 U.S.C. § 1117(a).

44. In addition, because Defendants' infringement of ASTUTE's registered mark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).

45. ASTUTE is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). ASTUTE has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) the PREVIEW Mark is unique and valuable property which has no readily determinable market value, (b) Defendants' infringement constitutes harm to ASTUTE such that ASTUTE could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or

deceived as to the source, origin or authenticity of the infringing products and services, and/or (d) Defendants' wrongful conduct, and the resulting damage to ASTUTE, is continuing.

46. ASTUTE is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

## COUNT TWO

### Federal Unfair Competition
### Under 15 U.S.C. § 1125(a)

47. Plaintiff incorporates by reference the allegations as set forth above.

48. ASTUTE develops, markets, promotes, and sells its products and services under the PREVIEW Mark, which mark is the means by which ASTUTE's products and services are distinguished from the products and services of others in the same field or related fields.

49. Because of ASTUTE's (inclusive of its predecessors in interest) long, continuous, and exclusive use of the PREVIEW Mark, the mark has come to mean, and is understood by customers to signify products and services of ASTUTE.

50. By using, offering, advertising, marketing, or distributing their products and services under the "Preview" name in the same marketplace and industry as ASTUTE, Defendants' actions have caused or are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

51. Specifically, Defendants' use of an identical or confusingly similar variation of the PREVIEW Mark is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with ASTUTE or as to the origin,

sponsorship, or approval of Defendants' goods and services by ASTUTE in violation of 15 U.S.C. § 1125(a)(1)(A).

52.    Upon information and belief, Defendants have engaged in the actions described herein with the willful purpose of misleading, deceiving, or confusing consumers as to the origin of their goods and of trading on ASTUTE's reputation and goodwill.

53.    Defendants' actions as described herein have damaged and will continue to damage ASTUTE in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendants have damaged and, unless enjoined, will continue to damage ASTUTE's market, reputation, and goodwill.

54.    As a direct and proximate cause of Defendants' actions, ASTUTE has been damaged in an amount to be proven at trial.

## COUNT THREE

### Common Law Trademark Infringement

55.    Plaintiff incorporates by reference the allegations as set forth above.

56.    ASTUTE is the owner of all right and title to the PREVIEW Mark.  The PREVIEW Mark is an enforceable common law trademark.

57.    Defendants' use of an identical or confusingly similar variation of the PREVIEW Mark in association with a similar class of products and services in the same marketplace and industry as ASTUTE has caused or is likely to cause confusion, cause mistake, or deceive others into believing that Defendants' products and services are sponsored, approved by, or affiliated with ASTUTE.

58.    Defendants' acts, as described herein, constitute infringement of ASTUTE's trademark rights in violation of the common law of the State of Washington.

59. Defendants knew of ASTUTE's rights, and Defendants' trademark infringement has been and continues to be intentional, willful, and without regard to ASTUTE's rights.

60. Defendants' actions as described herein have damaged and will continue to damage ASTUTE in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendants have damaged and, unless enjoined, will continue to damage ASTUTE's market, reputation, and goodwill.

61. As a direct and proximate cause of Defendants' actions, ASTUTE has been damaged in an amount to be proven at trial.

## COUNT FOUR

### Violation of the Washington Consumer Protection Act
### Under RCW Chapter 19.86

62. Plaintiff incorporates by reference the allegations as set forth above.

63. ASTUTE is the owner of all rights and title to the PREVIEW Mark.

64. Defendants' actions, as described herein, constitute unfair or deceptive acts or practices in violation of RCW Chapter 19.86.020.

65. Specifically, Defendants' use of an identical or confusingly similar variation of the PREVIEW Mark in association with a similar class of products and services in the same marketplace and industry as ASTUTE constitutes an unfair method of competition in business and an unfair trade practice in business, as well as fraudulent representations, which is damaging to the public interest in violation of the Washington Consumer Protection Act, RCW Chapter 19.86.020.

66. Defendants' actions, as alleged herein, have damaged ASTUTE's business

reputation and goodwill and have a tendency to or actually have caused ASTUTE to lose customers, and have unjustly enriched Defendants.

67. Defendants' use and misappropriation of the PREVIEW Mark has been knowing, willful, and deliberate.

68. Defendants' actions, as alleged herein, entitle ASTUTE to recover Defendants' profits, actual damages and costs of the action, reasonable attorney's fees, and treble damages pursuant to RCW Chapter 19.86.090.

69. ASTUTE has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and ASTUTE lacks an adequate remedy at law to compensate for this harm and damage.

70. ASTUTE is informed and believes, and on that basis alleges, that Defendants gained profits by virtue of their infringement of the PREVIEW Mark.

71. ASTUTE has sustained damages as a direct and proximate result of Defendants' infringement of the PREVIEW Mark.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Astute demands a trial by jury on all issues so triable in this present action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief against Defendants as follows:

A. That Defendants, their respective principals, partners, franchisees, licensees, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants or in privity with Defendants, be preliminarily and permanently enjoined and restrained as follows:

    i. using the PREVIEW mark or any term, mark, logo, words, phrases, symbols, or source designation of any kind on or in connection with Defendants' products or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the PREVIEW mark; and

    ii. using the PREVIEW mark or any term, mark, logo, words, phrases, symbols, or source designation of any kind on or in connection with Defendants' products or services that would create a likelihood of confusion, mistake or deception or public misunderstanding that such products or services are produced or provided by ASTUTE, are sponsored by ASTUTE, or in any way authorized by ASTUTE;

B. Judgment that Defendants willfully violated ASTUTE's rights and, consequently, that Defendants be required to pay to ASTUTE damages according to proof, together with prejudgment interest thereon, that ASTUTE has sustained as a consequence of Defendants' wrongful acts, and to account for and return to ASTUTE any monies, profits, and advantages wrongfully gained by Defendants;

C. That Defendants be ordered to disgorge all profits attributable to its infringement of the PREVIEW Mark, in an amount to be determined at trial, and that such amount be trebled;

D. That Defendants be required to pay ASTUTE punitive and exemplary damages;

E. That ASTUTE recover its reasonable attorneys' fees under 15 U.S.C. § 1117, as this case is exceptional;

F. That ASTUTE recover its reasonable attorneys' fees as provided under RCW § 19.86.090;

COMPLAINT – Page 17

BAILEY DUQUETTE P.C.
500 UNION STREET, SUITE 800
SEATTLE, WASHINGTON 98101
T 206.225.2250 | F 888.233.5869

G. That ASTUTE recover three times its actual damages sustained as provided in RCW § 19.86.090; and

H. That ASTUTE be granted such other and further relief as this Court shall deem just, lawful, or equitable.

DATED:  July 20, 2023

        BAILEY DUQUETTE P.C.

By */s/ Hozaifa Y. Cassubhai*
   Hozaifa Y. Cassubhai, WSBA No. 39512
   William R. Burnside, WSBA No. 36002
   500 Union Street, Suite 800
   Seattle, Washington 98101
   Phone: 206.225.2250
   Email: hozaifa@baileyduquette.com
   will@baileyduquette.com

SEED IP LAW GROUP LLP

By */s/ Syed M. Abedi*
   Syed M. Abedi, WSBA No. 46106
   701 Fifth Avenue, Suite 5400
   Seattle, Washington 98104
   Phone: 206.622.4900
   Email: syeda@seedip.com

*Attorneys for Plaintiff Astute Imaging, LLC*