The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASTUTE IMAGING LLC, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>vs.<br><br>SHOULDER INNOVATIONS INC., a Delaware corporation; GENESIS INNOVATION GROUP, LLC, a Delaware limited liability company; and GENESIS SOFTWARE INNOVATION, LLC, a Michigan limited liability company,<br><br>  Defendants. | NO. 2:23-cv-01097-MJP<br><br>**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE TO TRANSFER, AND TO DISMISS FOR FAILURE TO STATE A CLAIM, FRCP 12(b)(2), (b)(3), (b)(6) AND MEMORANDUM OF POINTS**<br><br>NOTE FOR MOTION CALENDAR: NOVEMBER 17, 2023 |

**I.   INTRODUCTION**

NOW COME DEFENDANTS Shoulder Innovations, Inc. ("SI"), Genesis Innovation Group, LLC ("GIG"), and Genesis Software Innovation, LLC ("GSI"), (collectively, the "Defendants") and hereby move the Court to dismiss Plaintiff Astute Imaging LLC's ("Astute") Complaint in its entirety for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and for improper venue under Fed. R. Civ. P. 12(b)(3). Alternatively, Defendants

DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:23-CV-01097-MJP

Page 1

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

move the Court to transfer this case under 28 U.S.C. § 1404(a) to the Western District of Michigan where venue is proper for all parties. Defendants further move the Court under Rule 12(b)(6) for the dismissal of the Complaint in its entirety against Defendant GIG and for partial dismissal on behalf of Defendants GSI and SI with respect to Count IV for Violation of Washington's Consumer Protection Act ("WCPA").

The grounds for this motion are that (a) this Court lacks both general and specific jurisdiction over Defendants; (b) venue is improper because a substantial part of the events or omissions giving rise to Plaintiff's claims did not arise in the Western District of Washington, or alternatively, the minimal contacts and connection of the case to the Western District of Washington in conjunction with the inconvenience to Defendants justifies transfer; (c) the Complaint fails to allege sufficient, specific factual allegations against GIG to support any of the claims stated against it; and (d) the Complaint fails to state a claim against all Defendants regarding Plaintiff's claim for Violation of the WCPA under both Rule 8(a)(2) notice and Rule 9(b) heightened pleading standards.

## II.    STATEMENT OF THE CASE

Plaintiff Astute Imaging, LLC ("Plaintiff" or "Astute") filed this case on July 20, 2023, against Defendants Shoulder Innovations, Inc., ("SI"), Genesis Innovation Group, LLC ("GIG"), and Genesis Software Innovation, LLC ("GSI") (collectively, the "Defendants") alleging claims for violation of the Lanham Act for infringement of a federally registered trade mark pursuant to 15 U.S.C. § 1114, for false designation of origin, 15 U.S.C. § 1125(a), common law trademark infringement, and Violation of the Washington Consumer Protection Act ("WCPA"). (Dkt. # 1, *Compl.* pp. 11-16).

In response, Defendants move the court to dismiss pursuant to Rules 12(b)(2), (b)(3),

DEFENDANTS' MOTION TO DISMISS        Page 2
CASE NO. 2:23-CV-01097-MJP

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

and (b)(6) of the Federal Rules of Civil Procedure as this Court does not have jurisdiction over Defendants, who are all foreign companies organized under the laws of Delaware or Michigan, each with a principal place of business in Western Michigan, *id.* at pp. 2-3, ¶¶ 5-7, having insufficient contacts with the state of Washington for the constitutional exercise of jurisdiction over them. Venue is also improper because a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in the Western District of Washington. In addition, Plaintiff's Complaint is devoid of factual allegations against Defendant GIG which would support any of the claims that Plaintiff asserts against it. Finally, Plaintiff also fails to state a claim with respect to Count IV for violation of the WCPA against all Defendants, as there are no factual allegations that support the legal conclusion that a substantial portion of the public is affected by this private dispute and in any event, fails to meet the heightened pleading standard under Rule 9(b), which is required to state a claim under the WCPA sounding in fraud. *See id.*, p. 15, at ¶ 65 (referring to "fraudulent representations).

In support of this motion, Defendants are contemporaneously filing the Declarations of R. Sean Churchill, the Executive Director of GIG, Robert Ball, the Chief Executive Officer and Executive Chairman of SI, and Nathan Estruth, the Chairman of GSI.

### III.    STATEMENT OF FACTS

#### A.    The Parties

This action is a trademark infringement case arising out of the use of a mark called PREVIEW, which is used in connection with certain medical-related software used to preview surgical procedures. (D.E. #1, at p. 2, ¶ 2.) Plaintiff is a healthcare IT solutions company which provides software products for healthcare institutions and medical practitioners and alleges that it owns U.S. Trademark Registrations for the PREVIEW Mark. (*Id.* at p. 4-5, ¶¶

DEFENDANTS' MOTION TO DISMISS         Page 3
CASE NO. 2:23-CV-01097-MJP

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

14-17.) Plaintiff is a limited liability company organized under the laws of the state of Delaware, with a principal place of business in Washington, with two members residing in Washington state and one member residing in Cairo, Egypt. (*Id.* at p. 2, ¶ 4.)

Defendants are three separate and distinct corporate entities, all having a principal place of business in Grand Rapids, Michigan. (Churchill Decl. ¶ 3, Ball Decl. ¶ 2, Estruth Decl. ¶ 2.) Defendant SI is a corporation organized and existing under the laws of the state of Delaware; it is a medical device development company, to include shoulder replacement systems. (Ball Decl. ¶ 2.) SI sells various medical device products, including its InSet Total Shoulder system. PreView Shoulder is an optional software product which assists surgeons in planning and navigating surgical procedures to be performed. (*Id.* ¶ 6.) SI does not charge for use of the PreView software and does not receive any increase in pricing on any other products because of its use. (*Id.*) Access to the software is SI branded but is hosted and managed via GSI's infrastructure. (*Id.*)

Defendant GSI is a limited liability company formed under the laws of the state of Michigan, formed with the purpose of developing innovative and integrated software tools, focused on surgical centers in the orthopedic space. (Estruth Decl. ¶ 2.) GSI developed, markets, and sells a software service that allows surgeons to preview surgical procedures pre-operatively. Without prior knowledge of Plaintiff, GSI named the software after what it does: PREVIEW. (*Id.* ¶ 3.)

Defendant GIG, referred to by Plaintiff as GIP, is a limited liability company formed under the laws of the state of Delaware, as an early-stage investor in medical technology. (Churchill Decl. ¶ 3.) GIG was, but is no longer, an investor in GSI and does not currently have any ownership, shares, or financial interest in GSI. (*Id.* ¶ 6.) GIG has not and does not

DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:23-CV-01097-MJP

Page 4

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

market or sell for GSI and has not made use of the word PREVIEW to market or sell anything. (*Id.* ¶ 7.)

### B. Defendants' Lack of Contacts in the State of Washington

None of the Defendants is qualified to do business or otherwise conducts business in the state of Washington. Defendants do not have registered agents, employees, or independent contractors residing or domiciled in the state of Washington, nor has any Defendant contracted with any person residing in the state of Washington. Defendants do not have any subsidiaries incorporated in or otherwise qualified to do business in the state of Washington, do not maintain any physical presence or tangible, personal, or real property, maintain bank accounts, mailing addresses, telephone listings; none of their managers or directors or executive leadership has ever attended business conferences or conducted business within the state of Washington, or directed any of its advertising specifically and primarily towards the state of Washington or its residents. (Churchill Decl. ¶¶ 4-5, 8-11, Ball Decl. ¶¶ 3-5, 8-9, Estruth Decl. ¶¶ 5-9.)  No Defendant has sold PREVIEW software to any resident or company in the state of Washington. (Churchill Decl. ¶ 7, Ball Decl. ¶ 6, Estruth Decl. ¶ 4.)  The acts or omissions for which GSI is sought to be held liable in this action all occurred outside the state of Washington. (Churchill Decl. ¶ 14, Ball Decl. ¶ 11, Estruth Decl. ¶ 12.)

Each defendant created and maintains a primarily information-based website, which is accessible via the Internet: https://shoulderinnovations.com/, https://genesissoftwareinnovations.com/, https://genesisinnovationgroup.com/. No sales or transactions are consummated via any of Defendants' websites. (Churchill Decl. ¶ 12, Ball Decl. ¶ 10, Estruth Decl. ¶ 11.)

Defendants GSI and GIG have no clients or customers and have never executed any sales or sold any goods, products, or services in the state of Washington. (Churchill Decl. ¶ 9,

DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:23-CV-01097-MJP
Page 5
Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

Estruth Decl. ¶ 8.) From the time period of September 2020 to August 2023, SI sold its goods, products, or services to only three customers in the state of Washington, amounting to 0.10% of SI's total revenue during this period. These sales did not include the use of SI's PreView Shoulder system; no client or customer has downloaded or otherwise used SI's PreView Shoulder system in the state of Washington. (Ball Decl. ¶ 7.)

### IV.   ARGUMENT

**A.   The Court Cannot Exercise Personal Jurisdiction Over Any of the Defendants in this Matter.**

The Supreme Court of the United States has long held that courts may not exercise personal jurisdiction over a non-resident defendant unless the defendant has sufficient "minimum contacts" with the forum state such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). There are two bases by which a Court may exercise jurisdiction over a defendant: general and specific jurisdiction. Washington's long arm statute extends personal jurisdiction to the broadest extent that the Due Process Clause of the federal constitution allows. *Cave Man Kitchens, Inc. v. Caveman Foods, LLC*, No. 2:18-cv-01274 RAJ, 2019 WL 3891327, at * 4 (W.D. Wash. Aug 19, 2019). Plaintiff has the burden of establishing a prima facie case for personal jurisdiction. *Id.* While uncontroverted allegations in a plaintiff's complaint are taken as true, conflicts between facts in the parties' affidavits are resolved in plaintiff's favor. *Id.*

*1.   GSI, GIG, and SI Do not Have the "Necessary and Systematic Contacts" With Washington to Confer General Jurisdiction.*

General jurisdiction is "an exacting standard" where the defendant engages in "continuous and systematic general business contacts that "approximate physical presence" in the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). There are

DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:23-CV-01097-MJP

Page 6

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

no allegations that would support the exercise of general jurisdiction over any of the Defendants in this case, nor could there be. None of the Defendants is incorporated or formed under the laws of the state of Washington; none is qualified to conduct business, has any property, bank accounts, employees, contractors, or has any physical presence, tangible or real property whatsoever in the state of Washington. (Ball Decl. ¶ 3; Estruth Decl. ¶ 5; Churchill Decl. ¶ 4.) *See Salu, Inc. v. The Original Skin Store*, 2008 WL 3863434 (E.D. Ca. Aug. 13, 2008) (no general jurisdiction where defendant never has had an address, phone number, owned real property, no employee resided or acted on behalf of defendant, even though 14% of sales occurred in forum state). While Defendants maintain primarily information-based websites, "even a 'highly interactive' website – does not confer general jurisdiction." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1226 (9th Cir. 2011). Accordingly, the inquiry must turn on whether there is specific jurisdiction.[1]

### 2. Defendants' Contacts do not Confer Specific Jurisdiction

The Ninth Circuit uses a three-part test to determine whether a court may exercise specific jurisdiction over a nonresident defendant:

> "(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections; (2)[t]he claim must be one which arises out of or results from the defendant's forum-related activities; and[; and] (3) [e]xercise of jurisdiction must be reasonable."

*Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997). The plaintiff has the burden of satisfying the first two prongs; then the burden shifts to the defendant "to present a compelling case that the exercise of jurisdiction would not be reasonable." *Axiom*

---

[1] Plaintiff appears to be asserting jurisdiction solely on the grounds of specific jurisdiction as the Complaint's jurisdictional allegations conclusorily recite the specific jurisdiction test. (*See* D.E. #1, Compl., p. 3, ¶ 12.)

DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:23-CV-01097-MJP
Page 7
Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

*Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068-69 (9th Cir. 2017).

        **a)    Defendants have not purposefully availed themselves of the privilege of conducting business in the state of Washington.**

Where a case sounds in tort, like a trademark case, courts use a purposeful direction test to determine whether there are sufficient contacts for the exercise of personal jurisdiction. *Caveman, Inc.*, 2019 WL 3891327, at *5. A defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F. 3d 797, 803 (9th Cir. 2004). To show that an act is expressly aimed at a forum state, it is not enough to show individualized targeting – that is that the defendant knew of plaintiff's strong forum connections. *Axiom Foods, Inc.*, 874 F.3d at 1069. Rather, the court must "look to defendant's 'own contacts' with the forum, not to defendant's knowledge of a plaintiff's connection to a forum." *Id.* at 1070.

Plaintiff alleges without providing any factual support or differentiation among Defendants that "ASTUTE is informed and believes and thereupon alleges that (a) Defendants have either purposefully directed their activities toward Washington or purposefully availed themselves of the privileges of conducting activities in this forum; (b) ASTUTE's claims arise out of the Defendants' forum-related activities; and (c) the exercise of jurisdiction is reasonable." (Compl., pp. 3-4, ¶ 12.) Plaintiff further alleges that "Defendants are interrelated companies" and that GSI operates a website where the PREVIEW mark is evident and that GSI's website is "accessible" from SI and GIG's websites. (*Id.* at pp. 7-8, ¶¶ 29, 33.) Without any factual support, Plaintiff also alleges that "Defendants target and have targeted consumers from Washington State (*Id.* at p. 7, ¶ 30.)

A passive website without "something more" is insufficient to confer specific

DEFENDANTS' MOTION TO DISMISS      Page 8      Envisage Law
CASE NO. 2:23-CV-01097-MJP      2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

jurisdiction. *See Mavrix Photo, Inc.*, 647 F.3d at 1229. Posting a passive home page on the web is "insufficient to establish 'purposeful availment' for the first prong of the three-part test for specific jurisdiction. *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 419-20 (9th Cir. 1997) (holding that where defendant posted an essentially passive home page on the web without commercial activity in the forum state, that there were insufficient contacts to establish "purposeful availment). "Otherwise, every complaint arising out of alleged trademark infringement on the Internet would automatically result in personal jurisdiction wherever plaintiff's principal place of business is located," which "would not comport with traditional notions of what qualifies as purposeful activity invoking the benefits and protections of the forum state." *Cybersell, Inc.*, 130 F.3d at 420. The "mere presence" of a product, or in this case, the mark, cannot create a finding of jurisdiction. *Millenium Enterprises, Inc.*, 33 F. Supp.2d at 915. "The mere fact that a person can gain information on the allegedly infringing product is not the equivalent of a person advertising, promoting, selling or otherwise making an effort to target its product [in the forum state.]" *Id.* (quoting *Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295, 299 (S.D.N.Y), *aff'd* 126 F.3d 25 (2d Cir. 1997)).

    When determining whether a court may exercise jurisdiction based on the internet, courts use a sliding scale approach, looking to the "level of interactivity and commercial nature of the exchange of information that occurs on a website." *Cybersell, Inc.*, 130 F.3d at 418 (no jurisdiction where essentially passive website conducted no commercial activity over the internet); *Millenium Music Enterprises, Inc. v. Millenium Music, LP*, 33 F. Supp. 2d 907, 921 (D. Or. 1999) (no specific jurisdiction where defendants consummated only one manufactured commercial transaction through the website, but otherwise made no "deliberate

DEFENDANTS' MOTION TO DISMISS  Page 9
CASE NO. 2:23-CV-01097-MJP

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317 Fax: 919.977.5153

and repeated" contacts with the forum state through the website). *Compare Mavrix Photo*, 647 F.3d at 1229-30 (defendant expressly aimed conduct at the state of California where it used plaintiff's copyrighted photos to exploit the California market for its own commercial gain, by selling advertising space on its website to third party advertisers).

Here, GSI and GIG have no contacts with the state of Washington except for a primarily information-based website that each company operates. (Churchill Decl. ¶¶ 4, 5, 8-12 , Ball Decl. ¶¶ 3-5, and Estruth Decl. ¶¶ 4-11.) SI's contacts are de minimis, consisting of three customers in a three-year period, representing 0.1% of its gross revenue on products that do not include the PREVIEW software at issue. (Ball Decl. ¶ 7.) No Defendant consummates any transactions on its website. (Churchill Decl. ¶ 12, Ball Decl. ¶ 10, Estruth Decl. ¶ 11.) No Defendant has sold PREVIEW software to any resident or company in the state of Washington. (Churchill Decl. ¶ 7, Ball Decl. ¶ 6, Estruth Decl. ¶ 4.) Accordingly, any contacts are at best random and isolated and do not support the constitutional exercise of personal jurisdiction over Defendants.

The contacts in this case are similar to those found in *Cybersell* and *Millenium Music*. Like those defendants, Defendants GSI and GIG have no other contacts with the state of Washington other than a generally passive, non-transactional website. *See, e.g.*, *Cybersell*, 130 F.3d at 415-16 (website included Cybersell logo, a local phone number, and an invitation for companies to communicate via electronic mail and a hypertext link through which users could introduce themselves). As the Court noted in *Millenium*, where even the commercial nature of the website did not constitute sufficient contacts, "[t]he existence of a Web site, whether passive or interactive, does not rise to the requisite level of conduct. Publishing a Web site requires no 'deliberate' action within the forum state." *Millenium Enter., Inc.*, 33 F.

DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:23-CV-01097-MJP

Page 10

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317 Fax: 919.977.5153

Supp. 2d at 922. *But see*, *Mavrix Photo*, 647 F. 3d at 1230-31 (finding jurisdiction because of the economic monetization through third-party advertising stemming directly from the website). The "something more" noted in *Cybersell* and other cases is not present here. *Compare Addidas America, Inc. v. Cougar Sport, Inc.*, 169 F. Supp.3d 1079, 1189 (D. Or. 2016) (commercial interactive website along with sales of the infringing product to forum customers made through third-party platforms, like eBay, sufficient to confer jurisdiction).

Finally, there are no factual allegations to support that Defendants knew their conduct would harm Plaintiff in the state of Washington. It is insufficient to conclude harm where there is no evidence that defendants intentionally directed their activities to the forum state knowing that the plaintiff would be harmed. *Millenium Enterprises Inc.*, 33 F. Supp.2d at 912.

Accordingly, Plaintiff cannot satisfy the first prong of the specific jurisdiction – that any Defendant has purposefully availed themselves to the privileges of the state of Washington.

    **b)**   **Plaintiff cannot meet the second prong of the specific jurisdiction test because Plaintiff's claims do not arise from Defendants' activities in the state of Washinton.**

As explained above, the existence of a website, does not, without more, satisfy the requirement of purposeful availment. Therefore, as the court in *Millenium* noted, "the better approach" requires "contacts with forum residents relating to plaintiff's claim." *Id.* at 923. In *Millenium*, the court rejected plaintiff's argument that defendant's unrelated transaction with another business in the forum state could support jurisdiction, noting that plaintiff's claim "does not arise or relate to defendants' purchase of inventory [from the business] and therefore cannot confer jurisdiction over defendants." *Id.* at 912.

In this case, none of the Defendants has any contacts with forum residents relating to Plaintiff's claims. GSI and GJG have no contacts at all. SI's very limited contacts consist of

Defendants' motion to dismiss   Page 11   Envisage Law
Case No. 2:23-cv-01097-MJP         2601 Oberlin Road Suite 100
                        Raleigh, NC 27608
                        919.755.1317  Fax: 919.977.5153

three sales constituting 0.10% of its total revenue in its last three years of operation. Those sales did not include the PREVIEW software at issue in this case. Ball Decl. ¶ 7. No customer or client has downloaded or otherwise used SI's PreView Shoulder system in the state of Washington. *Id.* Therefore, SI's attenuated contacts do not relate to Plaintiff's Complaint.

In contrast, the cases where specific jurisdiction has been found demonstrate online sales through interactive, commercial, transaction-based websites, in addition to significant revenues earned from sales that relate to the allegedly infringing mark. *Compare Cave Man Kitchens, Inc.* 2019 WL 3891327 at *6 (specific jurisdiction found where defendant had an interactive, commercial website and forum state's accounts constituted 10% of overall business and defendant sold its products to at least distributor in the forum state); *Ayla LLC v. Ayla Skin Pty. Ltd.*, 11 F.4th 972, 983 (9th Cir. 2021) (10% of total sales sufficient to confer jurisdiction); *Salu, Inc. v. The Original Skin Store*, 2008 WL 3863434 (E.D. Ca. Aug. 13, 2008) (finding specific jurisdiction where 14% of company sales occurred in forum state and defendant operated an interactive commercial website where customers could place direct orders). Unlike *Cave Man*, *Ayla*, and *Salu*, SI does not have a commercial website through which the company transacts goods, has made no sales related to the allegedly infringing mark in the forum state, and only has accrued 0.10% of its total revenues from sales in the state of Washington over the last three years.

Because Plaintiff cannot show that Defendants GSI, GIG, and SI purposefully availed themselves of the benefits and protections of the state of Washington, or that its claims arise from Defendants' activities in the state of Washington, specific jurisdiction cannot be exercised and Plaintiff's Complaint should be dismissed in its entirety.

**B. This Case Should be Dismissed for Improper Venue, or Alternatively, Transferred to the Western District of Michigan Where Venue is Proper for All Parties.**

*1. Venue Is Improper in the Western District of Washington.*

In a trademark case, proper venue is determined by 28 U.S.C. § 1391(b). *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1286 (D. Ariz. 2009). The statute provides, in material part, that an action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated. Because none of the defendants in this case resides in the state of Washington, the issue is whether "a substantial part of the events or omissions giving rise to the claim" occurred in the state of Washington.

In order to establish venue, a plaintiff must "point to some events or omissions by defendant giving rise to its claims that occurred in [the] district." *Jamba Juice Co. v. Jamba Group, Inc.*, No. C-01-4846 VRW, *2-3, (N.D. Cal. May 15, 2002) (rejecting venue as proper where the only tie to the district was defendant's operation of a website that is "essentially passive" because it does not allow for the transacting of business). A defendant's maintaining an internet website in conjunction with the plaintiff's principal place of business in a district does not establish proper venue. *Id.* at *2. As the Eight Circuit noted, "[w]e think it far more likely that by referring to "events or omissions giving rise to the claim," Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff. . . if Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

While courts have found that even a "modest amount of sales of infringing product is

DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:23-CV-01097-MJP

Page 13

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

sufficient to support venue in a particular district," there have been no sales of the allegedly infringing mark, PREVIEW, in the state of Washington. *Corker v. Costco Wholesale Corp.*, 585 F. Supp.3d 1284, 1296 (W.D. Wash. 2022) (holding that sale of $15,000 worth of product to Washington's customers and wholesale sale of products to retail outlets where the current Court is a district where "consumers are likely to be confused by the accused goods" is sufficient to find venue proper); *compare Golden Scorpio Corp.*, 596 F. Supp.2d at 1287 (internet advertising insufficient); *Shari's Berries Inten., Inc. v. Mansonhing*, No. 02:06-cv-0768-GEB-GGH, 2006 WL 2382263 (E.D. Cal. Aug. 17, 2006) (website that does not allow the placement of orders or transactions with defendant does not support a finding that venue is proper); *Woodke*, 70 F.3d at 985 (same holding).

In this case, no Defendant sold the allegedly infringing mark within the Western District of Washington, and no alleged acts or omissions for which Defendants are sought to be held liable occurred within the state of Washington. (Churchill Decl. ¶ 7, 14, Ball Decl. ¶ 6, 11, Estruth Decl. ¶ 4, 12.) Accordingly, a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in this district and Plaintiff's Complaint should be dismissed for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), or alternatively transferred to the Western District of Michigan, pursuant to the same statute.

### 2. *Alternatively, Defendants Ask the Court to Transfer This Case to the Western District of Michigan under 28 U.S.C. § 1404(a).*

Alternatively, Section 1404(a) gives the district court discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In determining whether to transfer, the court

DEFENDANTS' MOTION TO DISMISS — Page 14
CASE NO. 2:23-CV-01097-MJP

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

weighs multiple factors including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."

As discussed *infra*, Defendants GIG and GSI have no contacts with the state of Washington other than the websites they maintain and Defendant SI has de minimis contacts overall with the state of Washington and no contacts relating to the PREVIEW Mark at issue in this case. Furthermore, all of Defendants' managers, member, directors, executive level officers, and management, as well as the records, documents, books, records, and other witnesses pertaining to this matter reside or are otherwise located outside the state of Washington. (Churchill Decl. ¶ 15, Ball Decl. ¶ 12, Estruth Decl. ¶ 13.) Accordingly, Defendants alternatively request that this Court transfer venue to the Western District of Michigan where Defendants reside. It is worth noting that Plaintiff already has contact there as it has partnered with Michigan Medicine, University of Michigan.[2] Should this Court dismiss one or more defendants, but retain jurisdiction over others, the factors also weigh in favor of transfer because adjudication and litigation in a single forum benefit both the parties and the court.

---

[2] Plaintiff advertises on their website a relationship with Michigan Medicine, University of Michigan. https://astuteimaging.com/.

DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:23-CV-01097-MJP

Page 15

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

### C. Plaintiff Fails to Allege Sufficient Factual Allegations Against Defendant Gig to Support its Claims.

Under the standards pronounced by the Supreme Court, a plaintiff must state sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 570). When there are multiple defendants, "shotgun" pleading "that lumps Defendants together without specifying their acts or omissions" is impermissible. *Evox Prod., LLC v. Lemberg Law LLC*, No. CV 21-7875PA, 2022 WL 19237186 (C.D. Cal. Feb. 15, 2022). A plaintiff fails to state a claim against a defendant where "a complaint describes the conduct of two or more defendants collectively and includes no factual allegations identifying the conduct in which each defendant engaged." *Romero v. Greenwich Logistics, LLC*, No. 20-cv-09106, 2021 WL 5407503, *1 (N.D. Cal. Nov. 18, 2021).

In this case, Plaintiff generally makes two allegations against Defendant GIG beyond alleging its corporate existence (D.E. #1, Compl., at p. 2, ¶ 6). Plaintiff alleges that "SHOULDER, GIP (referring to GIG) AND GSI are interrelated medical device companies, with overlapping leadership and executive teams" (*id.* ¶ 8) and that "Defendants use the exact term "PREVIEW" to market and promote their competing products and services, including as follows on the GSI website, *which is in turn accessible from the SHOULDER and GIP websites.*" (*Id.* ¶ 33) (emphasis added). Other than characterizing GSI, GIG, and SI as "interrelated medical device companies," and alleging that PREVIEW information on GSI's website can be accessed from GIG's website, there are no specific allegations in reference to

GIG. Plaintiff lumps all three defendants together.

This shotgun pleading does not give GIG any notice of the actual acts or omissions against it. Neither are there allegations that could possibly impute liability to GIG for purported acts or omissions allegedly committed by other defendants. Since GIG does not market, sell, or otherwise use the mark, except for republishing news from GSI and SI, no longer has any ownership interest in GSI, there is no plausible basis for imposing liability against GIG. (Churchill Decl., ¶¶ 6-7, 13.); *see Romero,* 2021 WL 5407503, at *2 (factual allegations that failed to differentiate between multiple defendants do not provide "fair notice of the basis of the claims."); *Segal v. Segal*, No. 20-cv-1382, 2022 WL 198699, at *7 (S.D. Cal. Jan. 21, 2022) ("it is insufficient notice pleading that the FAC repeatedly alleges "Defendants" collectively caused Plaintiff's copyrights and trademarks to be infringed"); *Deckers Outdoor Corp. v. Bright Trading Corp.*, No. LA CV15-00198, 2014 WL 12564124, at *1 (C.D. Cal. April 28, 2014) (holding allegations that the defendants were the "active, moving, conscious forces" behind patent and trademark infringement were insufficient); *Axiom Foods, Inc.*, 874 F.3d at 1071 (parent and subsidiary treated as distinct corporate entities for jurisdiction analysis absent showing of agency, including substantial control of subsidiary); *compare Evox,* 2022 WL 19237186 at *8 (allegations sufficient where there were only two defendants, one who allegedly committed the infringing acts and the other who was alleged to have made the decisions to commit them).

Accordingly, with respect to Defendant GIG, Plaintiff fails to meet the pleading requirements under *Twombly* and all claims against GIG should be dismissed with prejudice.

### D. Plaintiff Fails to State a Claim for Violation of the Washington Consumer Protection Act.

"To prevail on a claim under Washington state's Consumer Protection Act (CPA), a

private plaintiff must prove (1) an unfair or deceptive act or practice (2) occurring in trade or commerce (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Gray v. Amazon*, No. 2:22-cv-800-BJR, 2023 WL 1068513, at *6 (W.D. Wash. Jan. 27, 2023), *appeal filed*, No. 23-35377 (9th Cir. June 1, 2023). An act or practice is deceptive under the WCPA "if it has the capacity to deceive a substantial portion of the public." *Kische USA LLC v. Simsek*, No. C16-0168JLR, 2016 WL 7212534, at *12 (W.D. Wash. Dec. 13, 2016). A private plaintiff must show "not only that a defendant's practices affect the private plaintiff but that they also have the potential to affect the public interest." *Id.* "It is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." *Id.* Moreover, this court has held that CPA claims that sound in fraud must be averred with particularity under FRCP 9(b). *See Gray*, 2023 WL 1068513 at *6. To survive a motion to dismiss, the complaint must "'state with particularity the circumstances' constituting the unfair and deceptive trade practice." *Id.*

Here, Plaintiff has failed to make anything other than a conclusory allegation that "Defendants' use of an identical or confusingly similar variation of the PREVIEW Mark in association with a similar class of products and services in the same marketplace and industry as ASTUTE constitutes and unfair method of competition in business and an unfair trade practice in business, *as well as fraudulent representations*, which is damaging to the public interest" in violation of the CPA. (D.E. #1, at p. 15, ¶ 65) (emphasis added). This allegation does not distinguish between alleged acts committed by each respective Defendant and does not provide any factual basis for the conclusion that Defendants' conduct harms the public interest, let alone that any other plaintiff will be injured in a way that

DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:23-CV-01097-MJP

Page 18

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317 Fax: 919.977.5153

changes this factual pattern from a private dispute to one affecting the public. Notably, even evidence submitted by way of declarations that customers were deceived by a defendant's similar products did not alone suggest a "plausible inference" that defendants deceived "a *substantial* portion of the public" sufficient to state a claim under the WCPA. *Kische USA LLC*, 2016 WL 7212534 at *12 (emphasis added).

Moreover, Plaintiff's claim under the Washington CPA sounds in fraud, which requires a heightened pleading standard under Rule 9(b), including stating with particularity the circumstances giving rise to the unfair and deceptive trade practice, including the "who, what, when, where, and how" of the alleged misconduct. *See Nemkina v. Old Navy,* LLC, 461 F. Supp.3d 1054, 1058-59 (W.D. Wash. 2020) (fraud-based WCPA Claims must be pleaded with particularity). Plaintiff's sole, conclusory allegation is wholly inadequate, along Plaintiff's shotgun approach of lumping all Defendants together. Accordingly, Count IV for Violation of the Washington CPA should be dismissed against all Defendants.

## V. CONCLUSION

For the foregoing reasons, Defendants SI, GSI, and GIG respectfully request that their motion to dismiss for lack of jurisdiction and improper venue should be granted. Alternatively, Defendants respectfully request that the Court transfer this matter to the Western District of Michigan where jurisdiction and venue are proper for all parties, and for the dismissal of GIG from this lawsuit, and for the dismissal of Count VI for Violation of the WCPA for failure to state a claim in relation to all Defendants.

DATED this October 20, 2023

ELLIS, LI & McKINSTRY PLLC

By:  *s/Nathaniel L. Taylor*
Nathaniel L. Taylor, WSBA No. 27141

DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:23-CV-01097-MJP

Page 19

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153

Abigail St. Hilaire, WSBA No. 48194
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
Phone: (206) 682-0565
Fax: (206) 625-1052
Email: ntaylor@elmlaw.com
       asthilaire@elmlaw.com

By:  *s/Anthony J. Biller*

Anthony J. Biller (*pro hac vice*)
Envisage Law Partnership
2601 Oberlin Road, Suite 100
Raleigh, NC 27608
Phone: (984) 344-9191
Email: ajbiller@envisage.law

*Attorneys for Genesis Software Innovation, LLC, Senesis Innovation Group, LLC, and Shoulder Innovations, Inc.*

I certify that this memorandum contains 5,661 words, in compliance with the Local Civil Rules.

DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:23-CV-01097-MJP

Page 20

Envisage Law
2601 Oberlin Road Suite 100
Raleigh, NC 27608
919.755.1317  Fax: 919.977.5153