UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASTUTE IMAGING LLC, a Delaware limited liability company, | Case No. 1:23-cv-01209-JMB-PJG |
| Plaintiff - Counterclaim Defendant, | |
| vs. | **ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** |
| SHOULDER INNOVATIONS INC., a Delaware corporation; and GENESIS SOFTWARE INNOVATIONS, LLC dba Provoyance, a Michigan limited liability company, | |
| Defendant - Counterclaimant. | |

Defendants Shoulder Innovations Inc. ("Shoulder") and Genesis Software Innovations, LLC d/b/a PROVOYANCE ("Provoyance") respond through undersigned counsel to Plaintiff Astute Imaging, LLC's ("Plaintiff") Amended Complaint as follows (responses not sequentially numbered as they match the erroneous enumerations of the First Amended Complaint):

## I. INTRODUCTION

1.     The causes of action in this lawsuit speak for themselves. Except as expressly admitted herein, the allegations contained in Paragraph 1 are denied.

2.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 2. Except as expressly admitted herein, the allegations contained in Paragraph 2 are denied

3.     Denied.

4. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4. Except as expressly admitted herein, the allegations contained in Paragraph 4 are denied.

5. Admitted.

6. Admitted.

7. Paragraph 7 contains legal conclusions to which no response is required. Except as expressly admitted herein, the allegations contained in Paragraph 7 are denied.

8. Admitted.

9. Admitted.

10. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 10. Except as expressly admitted herein, the allegations contained in Paragraph 10 are denied.

11. Admitted.

12. Admitted.

13. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13. Except as expressly admitted herein, the allegations contained in Paragraph 13 are denied.

14. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14. Except as expressly admitted herein, the allegations contained in Paragraph 14 are denied.

8. It is admitted that Astute is listed as owner of Reg. No. '108 for the PREVIEW mark for the goods and services alleged in paragraph 8. Except as expressly admitted herein, the allegations contained in Paragraph 08 are denied.

9. It is admitted that Astute is listed as owner of Trademark Application No. 97,643,213 for the PREVIEW mark for the goods alleged in paragraph 9. Defendants are without knowledge or information sufficient to form a belief as to the accuracy or truthfulness of the claims in Application No. 97,643,213.

10. Paragraph 10 contains legal conclusions to which no response is required. Except as expressly admitted herein, the allegations contained in Paragraph 10 are denied.

11. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 11. Except as expressly admitted herein, the allegations contained in Paragraph 11 are denied.

12. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12. Except as expressly admitted herein, the allegations contained in Paragraph 12 are denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13. Except as expressly admitted herein, the allegations contained in Paragraph 13 are denied.

14. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14. Except as expressly admitted herein, the allegations contained in Paragraph 14 are denied.

15. Defendants are without knowledge or information sufficient to form a belief as to 5the allegations in Paragraph 15. Except as expressly admitted herein, the allegations contained in Paragraph 15 are denied.

16. Paragraph 16 contains legal conclusions to which no response is required. Except as expressly admitted herein, the allegations contained in Paragraph 16 are denied.

17. Paragraph 17 contains legal conclusions to which no response is required. Except as expressly admitted herein, the allegations contained in Paragraph 17 are denied.

18. Paragraph 18 contains legal conclusions to which no response is required. Except as expressly admitted herein, the allegations contained in Paragraph 18 are denied.

19. Paragraph 19 contains legal conclusions to which no response is required. Except as expressly admitted herein, the allegations contained in Paragraph 19 are denied.

20. Denied.

21. It is admitted that Provoyance adopted the term "Preview" as a descriptor of what its imaging software does and was on Provoyance's website prior to December 2023. Provoyance changed the name of the software to PROVOYANCE and no longer uses the word "preview" as part of the product name. Except as expressly admitted herein, the allegations contained in Paragraph 21 are denied.

22. Admitted.

23. It is admitted that Provoyance develops, markets, and sells software services that facilitate surgeons' planning and previewing of orthopedic surgical procedures and prior to December 2023 called its software PreView Shoulder. It is admitted that Shoulder entered into an exclusive licensed agreement for Provoyance's software used to preview shoulder operations. It is admitted that Provoyance hosts and manages software on its infrastructure. Except as expressly admitted herein, the allegations contained in Paragraph 23 are denied.

24. Denied.

25. Denied.

26. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 26. Except as expressly admitted herein, the allegations contained in Paragraph 26 are denied.

27. It is admitted that the images in Paragraph 27 were on Defendant Provoyance's website prior to December 2023. It is denied that Provoyance's website currently contains the images in Paragraph 27. It is admitted the Provoyance website could be accessed from a link on the Shoulder website. Paragraph 27 contains legal conclusions to which no response is required. Except as expressly admitted herein, the allegations contained in Paragraph 27 are denied.

28. It is admitted that the image in Paragraph 28 was on Defendant Shoulder's website. It is denied that Shoulder's website currently contains the image in Paragraph 28. Except as expressly admitted herein, the allegations contained in Paragraph 28 are denied.

29. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 29. Except as expressly admitted herein, the allegations contained in Paragraph 29 are denied.

30. It is admitted that Defendants received a letter from Astute dated December 9, 2022. Except as expressly admitted herein, the allegations contained in Paragraph 30 are denied.

31. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31. Except as expressly admitted herein, the allegations contained in Paragraph 31 are denied.

32. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 regarding the detriment of Astute. Except as expressly admitted herein, the allegations contained in Paragraph 32 are denied.

34. Defendant realleges and incorporates by reference its answers to the allegations set forth above.

35. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 35. Except as expressly admitted herein, the allegations contained in Paragraph 35 are denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

34. Defendant realleges and incorporates by reference its answers to the allegations set forth above.

35. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 35. Except as expressly admitted herein, the allegations contained in Paragraph 35 are denied.

36. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 36. Except as expressly admitted herein, the allegations contained in Paragraph 36 are denied.

37. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 37. Except as expressly admitted herein, the allegations contained in Paragraph 37 are denied.

38. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 38. Except as expressly admitted herein, the allegations contained in Paragraph 38 are denied.

39. Denied.

40. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 40. Except as expressly admitted herein, the allegations contained in Paragraph 40 are denied.

41. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 41. Except as expressly admitted herein, the allegations contained in Paragraph 41 are denied.

42. Defendant realleges and incorporates by reference its answers to the allegations set forth above.

43. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 43. Except as expressly admitted herein, the allegations contained in Paragraph 43 are denied.

44. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 44. Except as expressly admitted herein, the allegations contained in Paragraph 44 are denied.

45. Denied.

46. Denied.

47. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 47. Except as expressly admitted herein, the allegations contained in Paragraph 47 are denied.

48. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 48. Except as expressly admitted herein, the allegations contained in Paragraph 48 are denied.

49. Defendant realleges and incorporates by reference its answers to the allegations set forth above.

50. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 50. Except as expressly admitted herein, the allegations contained in Paragraph 50 are denied.

51. Denied.

52. Denied.

53. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 53. Except as expressly admitted herein, the allegations contained in Paragraph 53 are denied.

54. Denied.

55. Denied.

56. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 56. Except as expressly admitted herein, the allegations contained in Paragraph 56 are denied.

57. Denied.

58. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 58. Except as expressly admitted herein, the allegations contained in Paragraph 58 are denied.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Count One is barred because Plaintiff does not own a valid registered trademark due to improper assignment during the application process in violation of Lanham Act §10(a)(1), 15 U.S.C. § 1060(a)(1) and Bankruptcy's Court's order that Plaintiff's predecessor in interest, the assignee of the trademark application, was not a successor to the bankruptcy debtor or the bankruptcy estate in law or equity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Defendants' use of the term "Preview" is a descriptive fair use under Section 33(b)(4) of the Lanham Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the PREVIEW mark is a generic designation for a type of software that previews particular activity or content and exceeds the scope of permissible registration under 15 U.S.C.§ 1052.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under the Michigan Consumer Protection Act, MCL 445.901 et seq. because (i) under MCL 445.902(1)(g) Defendants' do not supply the goods and services of Preview Shoulder "primarily for *personal, family, or household purposes*", and (ii) Defendants are exempt under MCL 445.904(1)(A) as the marketing and sale of Preview

Shoulder software is regulated by the FDA pursuant to 21 C.F.R. 892.2050 as a Class II medical device.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for common law trademark infringement asserting extraterritorial application of Washington law are barred under Michigan conflict of laws and would constitute a violation of the Dormant Commerce Clause.

### COUNTERCLAIMS

Counterclaimants Shoulder Innovations, Inc. ("Shoulder") and Genesis Software Innovation, LLC d/b/a PROVOYANCE ("Provoyance") bring these counterclaims requesting cancellation of Plaintiff-Counterclaim Defendant Astute's PREVIEW mark, U.S. Trademark Registration No. 2,203108 ("Reg. No. '108") because the registration was and is void ab initio and because the mark is generic for software functionality.

### PARTIES

1. Shoulder is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business in Grand Rapids, Michigan. Shoulder sells various medical device products, including its InSet Total Shoulder system.

2. Provoyance is a limited liability company formed under the laws of the state of Michigan, with a principal place of business in Grand Rapids, Michigan. Provoyance developed, markets, and sells software under the mark PROVOYANCE that allows surgeons to preview surgical procedures preoperatively.

3. Plaintiff-Counterclaim Defendant Astute is a limited liability company organized under the laws of the state of Delaware, with a principal place of business in the state of Washington.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1367 in that Counterclaimants' counterclaim(s) arise out of and are so related to the claims asserted by Plaintiff that it forms part of the same claim or controversy.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Counterclaimants reside in this judicial district and the parties have stipulated to having this case heard in this judicial district.

**FACTS**

6. Astute owns U.S. Trademark Reg. No. '108 for the PREVIEW Mark for the following goods and services:

> Classification 010: computer hardware and computer software for providing medical imaging and data visualization of patient-specific anatomical structures, including computer models of such patient-specific anatomical structures and image-rendering software for generating views of such computer models.
>
> Classification 042: medically-related computer services in the nature of preparing computer models of patient-specific anatomical structures for others, and providing information via online services in the field of medical imaging and data visualization of patient-specific anatomical structures.

**COUNT I: VOID REGISTRATION**

7. Astute claims ownership in Reg. No. '108 through a series of assignments starting with (i) Chapter 7 Trustee of Interact Medical Technologies Corporation to A-View Corporation, (ii) Medical Media Systems, Inc, to Ledyard National Bank, (iii) Medical Metrix Solutions Inc to M2S, Inc as a change of name conveyance, (iv) M2S, Inc. to Ledyard National Bank, (v)

11

Ledyard National Bank to M2S Inc., (vi) M2S, Inc. to Astute Imaging, LLC, (vii) M2S, Inc. to Astute Imaging, LLC corrective assignment.

8. The application resulting in Reg. No. '108, was filed on February 22, 1996, under 15 U.S.C. §1051 (b)(1) on an intent to use basis and was assigned Application Serial No. 75061179 ("App. No. '179").

9. The Notice of Allowance for App. No. '179 was issued on February 10, 1998, triggering the requirement for the trademark applicant to file a verified statement of use within six months pursuant to 15 U.S.C. § 1051 (d).

10. After App. No. '179 was filed, the trademark applicant, Interact Medical Technologies, Inc. d/b/a Medical Media Systems filed for chapter 7 bankruptcy in the United States Bankruptcy Court, District of Massachusetts, Western Division, Case No. 98-42912-JFQ.

11. The chapter 7 bankruptcy trustee filed a motion for an order authorizing and approving the sale of debtor's intellectual property which included App. No. '179 to A-View Corporation ("A-View").

12. On June 10, 1998, the bankruptcy court authorized the sale of debtor's intellectual property to A-View and held that "A-View is not a successor to Interact or to Interact's bankruptcy estate in law or equity."

13. On June 17, 1998, the bankruptcy trustee purported to assign Interact's App. No. '179 to A-View.

14. Lanham Act §10(a)(1), 15 U.S.C. § 1060(a)(1) prohibits the assignment of an application to register a mark under section 1051(b), aka an "intent to use application," prior to the filing of the verified statement of use under section 1051(d), except for an assignment to a successor to the business of the applicant.

15. The assignee A-View did not file a verified statement of use under section 1051(d) until almost two months later on August 10, 1998, the last day A-View could file a statement of use unless granted an extension under 37 C.F.R. 2.89(e).

16. Because A-View was not a successor to the business of the applicant Interact, the "improper assignment renders the assignment, application, and any resulting trademark registration void." *Breeze Smoke LLC v. Yatin Enterprises Inc.*, No. 1:22-CV-1182, 2023 WL 3070893, at *7 (W.D. Mich. Apr. 25, 2023); *accord The Clorox Co. v. Chem. Bank*, 40 U.S.P.Q.2d 1098 (T.T.A.B. 1996).

17. Reg. No. '108 is void ab initio and should be cancelled.

## COUNT II: GENERICNESS

18. Plaintiff's PREVIEW mark should be cancelled for the additional reason that "Preview" or preview applications are generic for a type of software that previews particular content or activity.

19. The word "preview" is a very common word used by the public, news media, and to identify software that previews content or activity.

20. Various software manufacturers use the word "preview" as the name for a type of software that previews content or activity.

21. Healthcare professionals and news media use the word "preview" when discussing software that previous content or activity, to include modeling, simulation, and planning software that allows patients and surgeons to see the results of a surgery procedure before the surgery is performed.

22. PREVIEW's "primary significance is to describe a type of product rather than the producer," and is therefore generic and "not a valid trademark." *Nartron Corp. v. STMicroelectronics, Inc.,* 305 F.3d 397, 404 (6th Cir. 2002).

23. Astute's mark PREVIEW is a generic name for Plaintiff's goods and services, and thus is not a valid trademark and should be cancelled.

WHEREFORE, Defendant-Counterclaimants Shoulder Innovations, Inc., and Genesis Software Innovation, LLC d/b/a PROVOYANCE, respectfully request the Court order the following relief:

A. Enter judgment against Astute and in favor of Provoyance and Shoulder on all of its claims and enter judgment in favor of Provoyance and Shoulder;

B. Order the Director of the U.S. Patent and Trademark Office to cancel Trademark Registration No. 2,203,108 pursuant to 15 U.S.C. § 1119;

C. Award Defendant-Counterclaimants all attorney's fees and costs in this action, and

D. Award Defendant-Counterclaimants all such additional relief the Court deems just and proper.

Respectfully submitted the 2nd day of January 2024.

By: s/ Anthony J. Biller
Anthony J. Biller
NC State Bar No. 24117
Allison Joelle Harvill
NC State Bar No. 60279
MI State Bar No. P60544
Envisage Law
2601 Oberlin Rd, STE 100
Raleigh, NC 27608
Telephone: (919) 755-1317
Facsimile: (919) 782-0452
Email: ajbiller@envisage.law
Email: jharvill@envisage.law